Patrick J. MULLEN, Petitioner-Appellant,

v.

Frank BLACKBURN, Warden, Louisiana State Penitentiary and William J. Guste, Attorney General of Louisiana, Respondents-Appellees.

No. 86–3033

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 5, 1987.

Patrick J. Mullen, pro se.

Bill Campbell, New Orleans, La., for respondents-appellees.

Before GEE, RUBIN, and JOLLY, Circuit Judges.

PER CURIAM:

Appellant Patrick Mullen concedes that he was apprehended while committing armed robbery in a drugstore in Covington, Louisiana, as a result of which he was convicted by a jury of armed robbery and sentenced to 99 years imprisonment. His direct appeal was unsuccessful, and he filed two unsuccessful state habeas petitions raising the same grounds asserted in

his federal petition. The state concedes exhaustion.

Mullen filed the present petition in July 1985. The district court denied it and Mullen filed timely notice of appeal. The trial court granted certificate of probable cause and permission to proceed in forma pauperis.

### Analysis

Mullen advanced a host of claims in his original habeas petition, most of which he pursues on appeal. He asserts that his constitutional rights were violated by eyewitness identification testimony at trial, by two state court evidentiary rulings, by references to him as "this subject" at trial and by the fact that the record furnished him for his appeal did not include a transcript of voir dire proceedings at his trial. He also alleges ineffective assistance of counsel and objects to purported errors in his presentence investigation report. Finally, he asserts that all of his claims, taken together, provide evidence of a due process violation even if none of the claims individually could be the basis for relief. None of his claims has merit.

### 1. Identification

■ Mullen's first claim is that the eyewitness identifications made by three witnesses at trial should have been excluded from evidence. He concedes, however, that he was apprehended while committing the robbery and was, in fact, guilty as charged. Thus, he effectively concedes that the identifications were reliable; "reliability is the linchpin in determining the admissibility of identification testimony." *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977). So long as the identifications are reliable, their exclusion is not constitutionally mandated. *Id.* at 113–14, 97 S.Ct. at 2252–53.

As a corollary, Mullen asserts that it was error to hold a hearing on the admissibility of the identification testimony on the day of trial; he asserts that the hearing should, instead, have been held "at least three days prior to trial." He cites no authority in support of this position. The actions he complains of did not violate fundamental conceptions of justice and therefore cannot be said to have violated due process. *United States v. Lovasco*, 431 U.S. 783, 790, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977).

### 2. Evidentiary Rulings

■ Mullen asserts that his due process rights were violated by the admission of two items of evidence at trial: the first, a photograph, showed various items involved in the robbery, including narcotics stolen from the drugstore, a pistol, cash, a paper bag, a hat, a wig, and a cigar box with change in it. He asserts that the pistol in the photograph, allegedly used by an accomplice in the robbery, was irrelevant to the case against him. Arguably the pistol was relevant to establishing that an armed robbery occurred. In any case, the admission of the photograph in evidence was a state court evidentiary ruling, which cannot be the basis for habeas corpus relief unless it rendered the trial fundamentally unfair. *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir.1983), *cert. denied*, 469 U.S. 873, 105 S.Ct. 224, 83 L.Ed.2d 153 (1984). A ruling can only meet this requirement if it relates to evidence that is crucial, critical, and highly significant. *Id.* In view of testimony that Mullen himself used a gun during the robbery, the admission of a photograph of a gun did not render his trial fundamentally unfair.

■ Mullen next objects to the admission of hearsay testimony linking him to a gun found at the scene. He asserts that since this testimony was improper, the gun itself should not have been admitted into evidence. This is also an attack on a state court evidentiary ruling. Because there was eyewitness testimony that Mullen had a gun at the robbery, the admission of the gun itself into evidence was not crucial, critical or highly significant. Mullen's attacks on the state court's evidentiary rulings therefore fail.

### 3. *Prejudicial Comments*

Mullen objects to the fact that a witness, the prosecutor, and his own attorney referred to him in the presence of the jury as "this subject." He asserts that this term indicated that he had been the subject of a police investigation and that knowledge of this fact might have prejudiced the jury. Even the least perceptive juror can scarcely fail to infer that the defendant in a criminal trial must have been the subject of a police investigation at some time. Thus, Mullen was not prejudiced by being referred to as a "subject." Moreover, Mullen does not explain how the Constitution protects a criminal defendant from being referred to as a "subject."

### 4. *Trial Transcript*

■ Mullen notes that in his direct appeal of his conviction he raised the issue of "error patent on the face of the record": the record did not include a transcript of the questioning during voir dire. Thus, he argues, his trial could not be meaningfully reviewed since the trial court could not determine whether any errors had occurred during voir dire; thus he claims that his due process rights were violated.

This claim is meritless. The record on a criminal appeal to the Louisiana Supreme Court does not include a transcript of the questioning during voir dire. La.Code Crim.Proc.Ann. Art. 918; La.S.Ct. Rule 1 §§ 5–7. Mullen therefore does not assert that he was not furnished an adequate record on appeal; nor does he explain how the Constitution requires more or why the absence of such a transcript prejudiced his appeal in any manner—beyond asserting that some of the jurors had names similar to police officers and court officials and may therefore have been related to them, a transparently meritless piece of speculation. If no constitutional violation occurred, he cannot obtain habeas relief. 28 U.S.C. § 2254.

### 5. *Ineffective Assistance of Counsel*

■ Mullen argues that his trial counsel was ineffective. A habeas petitioner alleging ineffective assistance of counsel bears the burden of affirmatively establishing a reasonable probability that, but for counsel's errors, the result of his trial would have been different. *Strickland v. Washington,* 466 U.S. 668, 694–95, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). Mullen asserts that counsel should have been more diligent in investigating and developing the defense that, as a drug addict who had been drinking before the robbery, Mullen was not legally responsible for his actions. The fact that an offender was drugged or intoxicated at the time of a crime is not a defense unless the circumstances indicate he was unable to form the specific intent to commit the crime. La. Rev.Stat.Ann. § 14:15. Mullen points to no evidence that counsel could have presented which would have shown lack of specific intent. Moreover, counsel did present evidence of intoxication. Under these circumstances, Mullen has not affirmatively shown a reasonable probability that, had counsel been more diligent, the result of the trial would have been different.

Mullen also argues that counsel was insufficiently diligent in his efforts to have the eyewitness identifications of Mullen excluded. However, Mullen concedes "that he was apprehended inside of a drugstore by police" during a robbery and that his "guilt is established." In these circumstances, he has not borne his burden of affirmatively showing that there is a reasonable probability that a more vigorous attack on the admission of the eyewitness identifications would have succeeded and thereby changed the results of the trial.

Mullen asserts that counsel should have prevented references to him as "this subject." In view of the fact that such references were not improper, Mullen was not prejudiced by his counsel's action in this regard.

Mullen also alleges that counsel was ineffective for failing to ensure that a transcript of the voir dire was included in the record on appeal. However, he offers no more than unsupported speculation that, had the voir dire transcript been part of the

record, his appeal might have been successful. He has therefore not sustained his burden of affirmatively proving prejudice.

### 6. *Presentence Investigation Report*

■ Mullen asserts that the presentence investigation report used in sentencing contained inaccurate information. This states a constitutional claim only if the inaccurate information was "of constitutional magnitude." *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972). Mullen claims that there is false information in the report but does not identify any particular piece of information that is actually false. Mullen concedes that he killed two men, and he does not argue that his two resulting manslaughter convictions were unconstitutional. Nor does he assert that his previous convictions for armed robbery and burglary were unconstitutional or otherwise invalid. Mullen asserts, however, that there were "mitigating factors" in each manslaughter incident that should have been brought to the court's attention. He also argues that, while in prison, he "found God and preached to his fellow prisoners," and that other favorable information could also have been presented to the Court. Thus, Mullen's real claim is that the information in the presentence investigation report was incomplete, not that it was false. Mullen cites no authority for his implicit claim that information that is incomplete but not false constitutes error of constitutional magnitude. *Cf. United States v. Tucker,* 404 U.S. at 447–48, 92 S.Ct. at 591–92; *Thomas v. Savage,* 513 F.2d 536, 538–40 (5th Cir.1975), *cert. denied,* 424 U.S. 924, 96 S.Ct. 1135, 47 L.Ed.2d 333 (1976) (record including prior conviction that is invalid contains error of constitutional magnitude). Mullen's claim that the use of the presentence investigation report in imposing sentence violated his due process rights is meritless as is his claim that the trial court's failure to provide him a copy of the presentence report was a denial of due process. *See United States v. Lovasco,* 431 U.S. at 790, 97 S.Ct. at 2048.

■ Insofar as Mullen asserts that his trial counsel was ineffective for failing to take the necessary steps to rebut the presentence investigation report, that claim too is meritless. Mullen had prior convictions for burglary, armed robbery, and two separate incidents of manslaughter. Under these circumstances, there is no reasonable probability that had the information to which Mullen alludes been presented to the trial court he would have received a lesser sentence. *See Strickland v. Washington,* 446 U.S. at 694–95, 104 S.Ct. at 2068.

### 7. *Sum Total of All Claims*

■ Mullen finally asserts that even if none of his claims entitles him to relief individually, all of them collectively, do. Habeas relief is available only where a prisoner is in custody in violation of the Constitution or of federal law. 28 U.S.C. § 2254. Mullen cites no authority in support of his assertion, which, if adopted, would encourage habeas petitioners to multiply claims endlessly in the hope that, by advancing a sufficient number of claims, they could obtain relief even if none of these had any merit. We receive enough meritless habeas claims as it is; we decline to adopt a rule that would have the effect of soliciting more and has nothing else to recommend it. Twenty times zero equals zero.

AFFIRMED.