| .PER CURIAM.
Granted in part; denied in part. This case is remanded to the court of appeal for reconsideration of relator’s first assignment of error with regard to the state’s failure to make timely disclosure of the victim’s rap sheet. Although the state submitted the rap sheet to the trial court for its in camera inspection, and though the court determined that it need not provide disclosure to the defense because the rap sheet did not reveal any prior convictions of the victim for purposes of La.C.E. art. 609.1(B), cross-examination of a witness may delve into his or her prior arrests and any pending charges which may give rise to a motive or bias for testifying against the defendant at trial. State v. Vale, 95-1230, p. 4 (La.1/26/96), 666 So.2d 1070, 1072 (“A witness’s bias or interest may arise from arrests or pending criminal charges, or the prospect of prosecution, even when he has made no agreements with the state regarding his conduct.”)(citing State v. Brady, 381 So.2d 819, 821-22); see also La.C.E. art. 607(D)(permitting extrinsic evidence to show a witness’s bias, interest, corruption, or defect of capacity). On remand, the court of |¡>appeal is to conduct an independent review of the rap sheet sealed by the district court to determine whether the victim had any prior arrests or pending charges against her at the time she testified at trial and, if so, whether the failure of the state to provide that information to the defense significantly impaired relator’s Sixth Amendment right to cross-examine a witness with regard to his or her bias and interest in the case. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347, 94 S.C. 1105 (1974). In all other respects, the application is denied.