# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30753

BOBBY D. HIGGINBOTHAM,

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2016

Lyle W. Cayce
Clerk

Petitioner - Appellant

v.

STATE OF LOUISIANA,

Respondent - Appellee

Appeals from the United States District Court
for the Western District of Louisiana

Before KING, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:

Petitioner–Appellant Bobby Higginbotham was convicted by a jury of malfeasance in office and felony theft in Louisiana state court.  Higginbotham petitions this court for federal habeas relief pursuant to 28 U.S.C. § 2254, contending that he was denied meaningful appellate review because of an incomplete trial transcript and that he was denied his right to counsel at trial. The state appellate court held that there was no error on either point.  Because Higginbotham fails to show that the state court's decision was contrary to clearly established law or based on an unreasonable determination of the facts, we AFFIRM the judgment of the district court denying the § 2254 petition.

No. 14-30753

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner–Appellant Bobby Higginbotham was charged with one count of public contract fraud, one count of malfeasance in office, and one count of felony theft, arising out of actions taken by Higginbotham during his tenure as mayor of Waterproof, Louisiana.[1] *Louisiana v. Higginbotham*, 122 So. 3d 1, 5 (La. Ct. App. 2012).  Early in the state court proceedings, the state trial court disqualified Higginbotham's original counsel based on a conflict of interest. Higginbotham told the court that another attorney would represent him, but that attorney withdrew as counsel before the scheduled trial date of October 26, 2009.[2]  Higginbotham thereafter "sought numerous continuances of the case relating to his purported unsuccessful efforts to obtain counsel." *Id.* at 6. The court ultimately continued the trial to March 29, 2010, and ordered Higginbotham to appear on February 24, 2010, "with enrolled counsel or inform the court at that time if [he] intend[ed] to represent himself."

At the February status conference, Higginbotham refused to answer whether he intended to enroll counsel, and the trial court appointed a public defender to assist, but not to formally represent, Higginbotham.  The week before trial, the prosecution provided its discovery materials to Higginbotham. Higginbotham filed a continuance motion, arguing that he had insufficient time to review the discovery materials before the trial date.  On the day that the trial was set to begin, the court conducted a hearing where Higginbotham indicated that he intended to retain an attorney and would need the trial

---

[1] Higginbotham was originally charged with twenty-one counts of felony theft, eighteen counts of malfeasance, four counts of public salary reduction, and one count of unauthorized use of a movable, but the prosecution later amended the indictment to dismiss those additional counts.

[2] Higginbotham informed the court that a different attorney would thereafter enroll as counsel of record, but that attorney never formally enrolled.

2

continued for an additional 60 days.  The court denied the motion, however, noting that a defendant could not manipulate the proceedings to cause further delay.    Higginbotham  thereafter  filed  an  emergency  application  for  a supervisory writ with the state appellate court on the continuance issue.  Once trial began, Higginbotham represented himself during voir dire and during the majority of the trial, with an attorney from the Public Defender's Office assisting Higginbotham as standby counsel.[3]

On April 1, 2010, the state appellate court stayed the trial proceedings, and on April 8, 2010, granted Higginbotham's writ application, granting a recess to allow Higginbotham to review the discovery materials and prepare a defense.  During the recess, Higginbotham retained counsel and discovered that  the  testimony  of  two  prosecution  witnesses  was  not  recorded. Higginbotham moved for a mistrial, and the trial court denied that motion. Higginbotham sought another writ with the state appellate court, and the higher court granted Higginbotham's writ application in part, declaring a mistrial with respect to only the public contract fraud count.  The state trial court granted the partial mistrial accordingly, and trial on the remaining charges resumed on May 19, 2010.

The jury unanimously convicted Higginbotham of the remaining two charges: malfeasance in office and felony theft.  He was sentenced to five years of hard labor, two years suspended, for malfeasance and seven years hard labor, three years suspended, for felony theft.  His convictions and sentence were  initially  reversed  by  the  state  appellate  court,  but  were  affirmed  on rehearing.  *Higginbotham*, 122 So. 3d at 17, 34.  The Louisiana Supreme Court

---

[3] Higginbotham  requested  that  an  attorney  from  the  Public  Defender's  Office  be appointed as his counsel, but the trial court found that he was financial ineligible.

denied his application for a writ of certiorari. *Louisiana v. Higginbotham*, 116 So. 3d 658 (La. 2013) (mem.).

Higginbotham then filed the instant application pursuant to 28 U.S.C. § 2254.[4]   The magistrate judge issued a report and recommendation, recommending the district court deny Higginbotham's § 2254 petition.   The district court adopted the magistrate judge's report and recommendation, denied Higginbotham's § 2254 petition, and denied Higginbotham's initial request for a certificate of appealability.   Ultimately, Higginbotham was granted a certificate of appealability on two issues: (1) whether he was denied meaningful appellate review because of the missing trial transcripts and (2) whether he was denied the right to counsel during trial.

## II.   STANDARD OF REVIEW

"We review the district court's findings of fact for clear error and review its conclusions of law *de novo*, applying the same standard of review to the state court's decision as the district court." *Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007).   Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), Higginbotham is not entitled to federal habeas relief unless the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

---

[4] Although Higginbotham did not pursue state habeas remedies after direct appeal, the exhaustion requirement in 28 U.S.C. § 2254(b)(1) is satisfied after a petitioner pursues his claims to the highest court on direct appeal. *See Bledsue v. Johnson*, 188 F.3d 250, 254 n.8 (5th Cir. 1999).

"The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).[5] "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Accordingly, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

## III.    INCOMPLETE TRIAL TRANSCRIPT

Higginbotham first contends that missing portions of the trial transcript violated his right to due process because he lacked the opportunity for meaningful appellate review of two claims: (1) that evidence from his dismissed count was used to prove his guilt on the other counts and (2) that he was denied a peremptory strike. "The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations." *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). Accordingly, "if a State has created appellate courts as 'an integral part of the . . . system for finally adjudicating the guilt or innocence of a defendant,' the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution." *Evitts v. Lucey*, 469 U.S. 387, 393 (1985) (alteration in original) (citation omitted) (quoting *Griffin v. Illinois*, 351 U.S. 12, 18 (1956)). However, "a complete verbatim transcript" is

---

[5] "Under AEDPA, we review 'the last reasoned state court decision.'" *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (quoting *Wood v. Quarterman*, 491 F.3d 196, 202 (5th Cir. 2007)).

not always required to ensure that a defendant's right to meaningful appellate review is satisfied. *See Moore v. Wainwright*, 633 F.2d 406, 408 (5th Cir. 1980) ("[T]he state is not obligated to automatically supply a complete verbatim transcript."). Accordingly, the record is "adequate for full appellate review" so long as it contains the portions necessary to address the alleged errors below. *Schwander v. Blackburn*, 750 F.2d 494, 497–98 (5th Cir. 1985) (quoting *State v. Francis*, 345 So. 2d 1120, 1125 (La. 1977)). Moreover, claims based on incomplete transcripts must show that "the absence of such a transcript prejudiced [the defendant's] appeal." *Mullen v. Blackburn*, 808 F.2d 1143, 1146 (5th Cir. 1987).[6]

Higginbotham fails to show that the missing portions of the transcript prejudiced his appeal as to either claim. First, there was no prejudice as to the "other crimes" evidence because the state appellate court held that the evidence was admissible under the Louisiana rules of evidence and therefore "[t]here was no abuse of the trial court's discretion." *Higginbotham*, 122 So. 3d at 23; *see also Fairman v. Anderson*, 188 F.3d 635, 641 (5th Cir. 1999) ("[L]egal conclusions that are explicitly grounded in state law may not be reviewed on federal habeas."). Moreover, the state appellate court held that "[t]he evidence of defendant's guilt of the remaining two counts was overwhelming and the guilty verdicts were surely unattributable to any error." *Higginbotham*, 122 So. 3d at 22. Higginbotham has not shown that this holding was based on an "unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2).

---

[6] Higginbotham relies on *Hardy v. United States*, 375 U.S. 277, 278–79 (1964), and its progeny for the argument that the entire trial transcript is constitutionally required. However, the Supreme Court in *Hardy* only addressed "the statutory scheme [under the Court Reporter Act, 28 U.S.C. § 753] and d[id] not reach a consideration of constitutional requirements." *Id.* at 282. Moreover, *Hardy* concerned "the federal system," not a state criminal trial. *Id.* at 278.

No. 14-30753

Second, as to Higginbotham's claim that he was denied a peremptory strike, the state appellate court concluded that, as a matter of fact, the parts of the record that were not missing did "not show that the trial court's count of preemptory challenges [used by Higginbotham] [wa]s incorrect." *Higginbotham*, 122 So. 3d at 33. As the state appellate court recognized, the record clearly shows Higginbotham using five of his six preemptory challenges, and while not reflected expressly in the record, that court found that "the record strongly suggests that [Higginbotham] exercised a peremptory challenge to excuse" a sixth venireperson. *Id.* at 32–33. Higginbotham fails to show how this was an "unreasonable determination of the facts" by the state appellate court, 28 U.S.C. § 2254(d)(2), and therefore we must presume this factual determination is correct. 28 U.S.C. § 2254(e)(1). Higginbotham is therefore not entitled to federal habeas relief on his claims based on an incomplete trial transcript.

## IV. RIGHT TO COUNSEL

Higginbotham also contends that he was denied his right to counsel during trial. The state appellate court held that Higginbotham implicitly had waived his right to counsel through his dilatory tactics of "deliberate[ly] attempt[ing] . . . to disrupt the orderly proceedings." *Higginbotham*, 122 So. 3d at 27. The Sixth Amendment guarantees defendants a right to counsel at all critical stages of trial. *United States v. Cronic*, 466 U.S. 648, 659 (1984). While the Supreme Court held that defendants can affirmatively waive their right to counsel under the Sixth Amendment in *Faretta v. California*, 422 U.S. 806, 833–35 (1975), *Faretta* did not address implied waiver of counsel due to dilatory tactics by a defendant, and the Supreme Court does not appear to have addressed this issue or a "materially indistinguishable" set of facts, *Price v. Vincent*, 538 U.S. 634, 640 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000)). The state appellate court's decision thus is not "contrary to" or an

unreasonable application of clearly established law. 28 U.S.C. § 2254(d)(1). Moreover, this court has previously indicated that dilatory tactics can constitute an implied waiver of the right of counsel. *See, e.g.*, *United States v. Fowler*, 605 F.2d 181, 183 (5th Cir. 1979) (holding that the right to counsel "may not be put to service as a means of delaying or trifling with the court" and that failing to retain counsel may "operate[] as a waiver . . . even when the failure resulted in a pro se defense" (citation omitted)).[7]

Higginbotham also fails to show that the state appellate court's finding of dilatory tactics was unreasonable. As the state appellate court found, the trial court instructed Higginbotham on obtaining an attorney, but he failed to obtain an attorney before his next appearance and declined to answer why he lacked counsel. *Higginbotham*, 122 So. 3d at 27. Higginbotham does not show that this factual conclusion is an "unreasonable determination." 28 U.S.C. § 2254(d)(2). And even if we would have held differently based on those facts, we cannot characterize a state court's factual determination as "unreasonable merely because [we] would have reached a different conclusion in the first instance."[8] *Wood v. Allen*, 558 U.S. 290, 301 (2010). Higginbotham is therefore not entitled to federal habeas relief on his right to counsel claim.

---

[7] While *Faretta* requires that the court ensure a defendant voluntarily, knowingly, and intelligently waived his or her right to counsel, *Faretta*, 422 U.S. at 835, a formal colloquy is not required; instead, we "evaluate the circumstances of each case as well as the background of the defendant" to determine whether there has been an effective waiver of the right to counsel. *Wiggins v. Procunier*, 753 F.2d 1318, 1320 (5th Cir. 1985). Based on the trial court record, Higginbotham effectively waived his right to counsel through his actions undertaken during the pre-trial proceedings and his "aware[ness] of the dangers and disadvantages of self-representation." *Faretta*, 422 U.S. at 835.

[8] Moreover, Higginbotham "sought numerous continuances of the case relating to his purported unsuccessful efforts to obtain counsel," *Higginbotham*, 122 So. 3d at 6, and the trial was ultimately continued for five months after its initial October 2009 start date. *See Fowler*, 605 F.2d at 183 (noting that only twenty days in certain circumstances is "a reasonable time in which to retain counsel and that failure to do so operated as a waiver").

No. 14-30753

## V.    CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court denying Higginbotham's 28 U.S.C. § 2254 petition.