JAMES É. GRAVES, JR., Circuit ' Judge,
dissenting:
I would conclude that the state court’s decision was contrary to, or involved an unreasonable application of, clearly established federal law, and that the district court erred in denying habeas relief on the three issues raised by Jonathan Boyer on appeal. Because I would reverse the district court’s denial of Boyer’s habeas relief, I respectfully dissent.
As set out by the majority, we review the district court’s findings of fact' for clear, error and its conclusions of law de novo, applying the same standard to the state court’s decision as the district court. Higginbotham v. Louisiana, 817 F.3d 217, 221 (5th Cir. 2016). We also apply the rules of the Antiterrorism and Effective Death Penalty Act (AEDPA). See 28 U.S.C. § 2254(d).
“A state court’s decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts.” Gray v. Epps, 616 F.3d 436, 439 (5th Cir. 2010). Further, a federal habeas writ may issue if the “state court applies a rule different from the governing” federal law. Bell v. Cone, 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002). Finally, “[a] state court’s decision constitutes an unreasonable application of clearly established federal law if it is objectively unreasonable.” Gray, 616 F.3d at 439.

I. Speedy Trial Claim

We analyze Boyer’s Sixth Amendment speedy trial claim under the four-factor balancing test in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), as follows:

(1) Length of the delay

The state appellate court concluded that the length of the delay was presumptively prejudicial. I agree with the majority’s conclusion that this finding was reasonable given the seven-year time period' between arrest and trial.

’(2) Reason for the delay

The state appellate court found that this factor could not be attributed to either the State or Boyer. I agree with the majority’s conclusion that the state appellate. court erred in its analysis of this factor, i.e., “the flag all litigants seek to capture.” United States v. Loud Hawk, 474 U.S. 302, 315, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986). I disagree with the majority as to the weight afforded this factor.
The majority acknowledges that “delay resulting from a systemic breakdown in the public defender system” is weighted against the state. Vermont v. Brillon, 556 U.S. 81, 94, 129 S.Ct. 1283, 173 L.Ed.2d 231 (2009). The majority then relies on Barker to diminish the weight. Barker does say that unexplained or negligent delays may weight against the state less heavily than deliberate delays. Barker, 407 U.S. at 531, 92 S.Ct. 2182. However, although such a delay may be weighted less *457 heavily than a deliberate delay, the Supreme Court has also clarified that:
[I]t still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun. And such is the nature of the prejudice presumed that the weight we assign to official negligence compounds over time as the presumption of evidentiary prejudice grows. Thus, our toleration of such negligence varies inversely with its protract-edness, cf. Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988), and its consequent threat to the fairness of the accused’s trial.
Doggett v. United States, 505 U.S. 647, 657, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992).
In Doggett, the Court also noted that “lower courts have generally found postac-cusation delay ‘presumptively prejudicial’ at least as it approaches one year.” Doggett, 505 U.S. at 652, n.1, 112 S.Ct. 2686. The Court also specified that presumptive prejudice “simply marks the point at which courts, deem the delay unreasonable enough to trigger the Barker enquiry.” Id. In Barker, the Supreme Court determined that over five years “was extraordinary.” Barker, 407 U.S. at 533, 92 S.Ct. 2182. Here, that protractedness was seven years. Thus, the state’s delay several times as long as that generally sufficient to trigger judicial review weights substantially against the state here regardless of whether there is evidence of deliberate delay. Accordingly, I would conclude that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law under 28 U.S.C. § 2254(d)(1).
Further, as both factors one and two of Barker weight substantially against the state here, I would conclude that this is sufficient to establish that the ultimate decision of the state court was objectively unreasonable. Notwithstanding that I would grant habeas relief at this point, I also disagree with the majority on the remaining two factors of Barker.

(3) Defendant’s assertion of his right

The state appellate court found that Boyer did not assert his right until after the three-year statutory prescription had tolled, noting that his filing was “more perfunctory than aggressive.” The majority concludes that the state court’s decision was not objectively unreasonable because of the timing of Boyer’s motions to quash and the arguable lack of prejudice that Boyer has shown. However, I disagree.
. Regardless of the timing of Boyer’s motions to quash, there is no dispute that he was without fully-funded counsel for the majority of the seven years, including during the entire three-year time limitation. As Boyer argues, he asserted his claim at the earliest opportunity under the circumstances.
For these reasons, I would conclude that the state court’s decision as to this factor was objectively unreasonable. As three factors weight against the state, including the essential second factor, I would conclude, again, that the ultimate decision was objectively unreasonable and was contrary to, or involved an unreasonable application of, clearly established federal law under 28 U.S.C. § 2254(d)(1).

(h) Prejudice

The state appellate court found that Boyer did not explain how he was prejudiced, but did not explicitly credit or reject his. arguments. The majority ■ concludes that the state court’s decision is-not objectively unreasonable. I disagree.
The Supreme Court .has explicitly stated, as discussed previously herein, that the *458 “presumption that pretrial delay has prejudiced the accused intensifies over time.” Doggett, 505 U.S. at 652, 112 S.Ct. 2686. The Court also said:
Thus, we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify. While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other Barker criteria, it is part of the mix of relevant facts, and its importance increases with the length of delay.
Id. at 655-56, 112 S.Ct. 2686 (internal citation omitted). Further, the Court said: “While not compelling relief in every case where bad-faith delay would make relief virtually automatic, neither is negligence automatically tolerable simply because the accused cannot demonstrate exactly how it has prejudiced him.” Doggett, 505 U.S. 647 at 657, 112 S.Ct. 2686, 120 L.Ed.2d 520.
Because of the length of the delay here, there is a strong presumption that Boyer was prejudiced in ways that he would neither be able to prove nor identify.[1] As instructed by the Supreme Court, we do not simply tolerate the delay on the basis of whether Boyer can demonstrate exactly how he was prejudiced. While that presumption alone cannot carry Boyer’s Sixth Amendment claim, it is more than sufficient when combined with the other factors which also weight against the state to establish objective unreasonableness.
Accordingly, I would conclude that the state court decision on this factor was contrary to, or involved an unreasonable application of, clearly established federal law under 28 U.S.C. § 2254(d)(1). As Barker requires the balancing of all four factors, which weight against the state, I would conclude that the ultimate decision of the state court was objectively unreasonable. Thus, Boyer is entitled to habeas relief on his speedy trial claim.

II. Exclusion of evidence

Boyer asserts that the state court’s decision to exclude evidence about Anthony’s alleged violence and lack of prosecution was contrary to, or involved an unreasonable application of, clearly established federal law.
The majority acknowledges the exception under Louisiana law which allows the very evidence Boyer attempted to present. LA. CODE EVID. ANN. art. 609.1(B). The majority then dismisses the cases cited by Boyer as authority on the basis that they are not factually identical and, thus, not in direct conflict. I disagree.
Regardless of whether state courts have broad latitude in excluding evidence under criminal trials, a defendant is guaranteed a meaningful opportunity to present a complete defense under the Constitution. See Holmes v. South Carolina, 547 U.S. 319, 324, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006); see also Crane v. Kentucky, 476 U.S. 683, 106 S.Ct. 2142, 2146, 90 L.Ed.2d 636 (1986). The state appellate court did not address the constitutional issues and merely concluded that the state trial court did not abuse its discretion under Louisiana law. See State v. Boyer, 2010-693 (La.App. 3 Cir. 2/2/11), So.3d 1119, 1127-30. While we must still give AEDPA deference, that deference is not without limits.
The Supreme Court has explicitly acknowledged that “the lack of a Supreme Court decision on nearly identical facts does not by itself mean that there is no clearly established federal law, since ‘a general standard’ from this Court’s cases *459 can supply such law.” Marshall v. Rodgers, 569 U.S. 58, 133 S.Ct. 1446, 1449, 185 L.Ed.2d 540 (2013) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)). The general standards of the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment are well settled. Further, the general standards of the cases cited by Boyer provide clearly established law.
For example, the majority distinguishes Chambers v. Mississippi, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), on the basis that it involved hearsay. However, the proposition for which Boyer cites Chambers, “where constitutional rights directly affecting the ascertainment of guilt are implicated, [state rules of evidence] may not be applied mechanistically to defeat the ends of justice,” is clearly established. See Chambers at 302, 93 S.Ct. 1038. In fact, the majority notes that general standard in a quote from Holmes, 547 U.S. at 324-25, 126 S.Ct. 1727 (“This right is abridged by evidence rules that ‘infring[e] upon a weighty interest of the accused’ and are ‘arbitrary or disproportionate to the purposes they are designed to serve.’ ”). Further, while Chambers did involve hearsay, it was “coupled with the State’s refusal to permit Chambers to cross-examine McDonald.” Chambers at 302, 93 S.Ct. 1038. In concluding that Chambers was denied a “trial in accord with traditional and fundamental standards of due process,” the Court stated, “[i]n reaching this judgment, we establish no new principles of constitutional law.” Id. This further indicating the general standards at issue are clearly established.
Boyer cites Davis v. Alaska, 415 U.S. 308, 316-17, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) for the proposition that exposing a witness’ bias is part of the right to cross examine. The majority concedes that Davis supports Boyer’s claim that he was unconstitutionally excluded from cross-examining Anthony on the lack of prosecution for domestic violence. But, the majority then concludes that, because Davis is not factually identical, the state appellate court’s decision could not be contrary to it. As set out previously, such a conclusion contradicts Marshall, 569 U.S. 58, 133 S.Ct. 1446, 185 L.Ed.2d 540.[2]
Moreover, the state appellate court’s decision involved an unreasonable application of federal law. The right of cross-examination is “implicit in the constitutional right of confrontation.” Chambers, 410 U.S. at 295, 93 S.Ct. 1038. The Louisiana Rules of Evidence provide a specific exception that allows the evidence at issue here. See LA. CODE EVID. ANN. art. 607(d). See also State v. Vale, 95-1230, p.4 (La. 1/26/96), 666 So.2d 1070, 1072; and State v. Goodlow, 2000-3488 (La. 11/21/01), 801 So.2d 1065.
For these reasons, I would conclude that the state court’s decision was contrary to, or involved an unreasonable application of, clearly established federal law and infringed on Boyer’s Confrontation Clause rights. Additionally, because Boyer established the prejudicial impact of the constitutional error, I would conclude that the error is not harmless.

III. Exclusion of expert testimony

Boyer asserts that the state appellate court’s decision to exclude expert testimony on confessions and interrogations was contrary to, or involved an unreasonable *460 application of, clearly established, federal law because it infringed on his rights to present a complete defense and present witnesses in his defense.
' Again, the majority concludes the state appellate court decision was not contrary to any of the precedent cited by Boyer. I disagree for many of the same reasons stated above. Additionally, the state appellate court’s decision, quoted by the majority herein, clearly amounted to a blanket exclusion of expert testimony relevant to false confessions. Moreover, the state appellate court decision involved an unreasonable application of federal law.
States have broad latitude to exclude evidence so long as such rules are “not arbitrary or disproportionate to the purposes they are designed to serve.” See United States v. Scheffer, 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998), “Moreover, we have found the exclusion of evidence to be unconstitutionally arbitrary or disproportionate' only where it has infringed upon a weighty interest of the accused.” Id. The Supreme Court has also held that “[f]ew rights are more- fundamental than that of an accused to present witnesses in his own defense.” Chambers, 410 U.S. at 302, 93 S.Ct. 1038. The confession was key to the state’s case. Boyer had a right to present evidence to prove the confession was false. Accordingly, I would conclude that the exclusion of this evidence infringes upon a weighty interest and, thus, was unconstitutionally arbitrary or disproportionate.
For these reasons, I would conclude that the state court’s decision was contrary to, or involved an unreasonable application of, clearly established federal law and infringed on Boyer’s rights to present a complete defense and present witnesses in his defense, and was disproportionate to the purpose of protecting the province of the jury. Additionally, because Boyer established the prejudicial impact of the constitutional error, I would conclude that the error is not harmless.
Accordingly,' I would reverse the district court’s denial of habeas relief on all three issues. Therefore, I respectfully dissent.

. Notwithstanding that Boyer would still prevail even if he is unable to demonstrate exactly how the delay has prejudiced him, he sets out how he was prejudiced.

. The majority concludes that Davis is distinguishable because it involved the witness’ juvenile delinquency adjudication while Anthony had not yet been prosecuted. However, as stated previously, Louisiana law provides an exception for that very circumstance. LA. CODE EVID. ANN. art. 607(d).