# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 1, 2022

Lyle W. Cayce
Clerk

No. 20-30720
Summary Calendar

Taylor Carlisle,

*Petitioner—Appellant*,

*versus*

Joseph P. Lopinto, III, *Sheriff and Administrator of Jefferson Parish Correctional Center*, *State of Louisiana*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-838

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Taylor Carlisle appeals the denial of his 28 U.S.C. § 2254 application that challenged his state-court judgment and six-month sentence for contempt. We review the district court's findings of fact for clear error and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30720

its conclusions of law *de novo*. *Martinez v. Johnson*, 255 F.3d 229, 237 (5th Cir. 2001). We are also guided by the deferential standard owed a state court's adjudication of a petitioner's federal claims. *Id.* at 242–43; *see* 28 U.S.C. § 2254(d). Finding no error by the district court, we AFFIRM.

First, Carlisle's contention that the contempt judgment exceeded the drug court's statutory authority pleads a violation only of state law and fails to state a cognizable basis for Section 2254 relief. *See Beazley v. Johnson*, 242 F.3d 248, 261 (5th Cir. 2001); § 2254(a). Carlisle does not otherwise show that his contempt judgment violated his due process rights to notice and a hearing. *See Cooke v. United States*, 267 U.S. 517, 537 (1925). Furthermore, while Carlisle focuses on the drug court's finding that he failed to appear, the court's contempt judgment was based on Carlisle's misrepresentations and his prior history of sanctions.

Second, we consider that Carlisle may be asserting more than a violation of state law by arguing that he was denied due process in relation to his appeal of his contempt judgment because the drug court proceedings were not transcribed. *See Estelle*, 502 U.S. at 67–68. Even if that is a federal claim, he fails to show that the lack of a drug court transcript rendered his state court proceedings fundamentally unfair and thus deprived him of due process. *See Manning v. Warden, La. State Penitentiary*, 786 F.2d 710, 711–12 (5th Cir. 1986). Carlisle makes no showing that the absence of a transcript rendered the state courts' review of his contempt judgment — based, in part, on the drug court's two detailed opinions — inadequate or ineffective, nor does he suggest what additional relevant information a transcript would have provided. "[C]laims based on incomplete transcripts must show that the absence of such a transcript prejudiced [the defendant's] appeal." *Higginbotham v. Louisiana*, 817 F.3d 217, 222 (5th Cir. 2016) (quotation marks and citation omitted).

No. 20-30720

Third, Carlisle argues that his contempt sentence was excessive under state law. The argument fails, because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67–68. His only citation to clearly established Supreme Court law is to an irrelevant opinion. *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445 (1985).

Fourth, the district court did not abuse its discretion by denying Section 2254 relief without an evidentiary hearing. *See Blue v. Thaler,* 665 F.3d 647, 655 (5th Cir. 2011). Even if Carlisle were not barred from receiving a federal evidentiary hearing under Section 2254(e)(2), he fails to show that the state courts "did not provide him with a full and fair hearing" on his federal claims simply because there was no verbatim transcript of the drug court contempt hearing. *See id.* He neither shows how the record before the state courts was actually insufficient to adjudicate his claims nor, as noted, suggests what additional information a transcript would have provided.

Finally, there was no error in the district court's rejection of Carlisle's ineffective assistance of counsel claim. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Both the contempt finding and related six-month sentence were within the state court's lawful authority and based on facts that Carlisle does not dispute. Reasonable counsel could have concluded that an objection to either would have been futile. *See Koch v. Puckett*, 907 F.2d 524, 528 (5th Cir. 1990).

AFFIRMED.