# Supreme Court of Louisiana

The Opinions handed down on the **10th day of May, 2024** are as follows:

**PER CURIAM:**

*2023-K-00501*        *STATE OF LOUISIANA   VS.   MARVIN SANTIAGO* (Parish of St. Bernard)

REVERSED AND REINSTATED. SEE PER CURIAM.

Weimer, C.J., dissents and assigns reasons.
Hughes, J., dissents for reasons assigned by Chief Justice Weimer.
Crichton, J., additionally concurs and assigns reasons.
Griffin, J., dissents for reasons assigned by Chief Justice Weimer.

# SUPREME COURT OF LOUISIANA

## No. 2023-K-00501

## STATE OF LOUISIANA

## VS.

## MARVIN SANTIAGO

On Writ of Certiorari to the Court of Appeal, Fourth Circuit, Parish of St. Bernard

**PER CURIAM:**

We granted the State's application to consider whether the court of appeal correctly found that defendant's claim that he was denied peremptory challenges to which he was entitled was preserved for appellate review. After careful review, we find that the court of appeal erred in determining that defendant preserved the claim for appeal based on a "tacit objection." The record clearly shows that counsel did not object, as required by Code of Criminal Procedure art. 841, to the trial court's ruling denying him the full twelve peremptory challenges to which he was entitled. Accordingly, we reverse the court of appeal's opinion. Defendant's conviction for failure to register and notify as a sex offender, and sentence imposed by the trial court, are hereby reinstated and affirmed.

Defendant was charged with failure to register and notify as a sex offender, in violation of La. R.S. 15:542.1.4, after he failed to renew his registration in 2020. Defendant testified at trial that he repeatedly attempted to register at the detective's bureau, but he was unable to do so because the building was locked during and due to COVID restrictions. A detective testified that he was present at the detective's bureau and, although the building was locked, instructions were clearly posted with a phone number at which he could be reached, but defendant never called. According to the detective, all other persons required to register during this time were able to do so. After trial, a St. Bernard Parish jury found defendant guilty as

charged. The district court sentenced him to serve four years imprisonment at hard labor.

During jury selection, the district court limited the State and defense to six peremptory challenges each, although the law requires twelve when, as here, the offense is necessarily punishable by imprisonment at hard labor.[1] After voir dire of the first jury panel, the trial court informed the parties that the State had three remaining peremptory challenges, and the defense had exhausted its six peremptory challenges. Defense counsel did not object. After voir dire of the second panel, the defense then attempted to exercise a seventh peremptory challenge against a prospective juror who had attended school with the prosecutor's mother. After the trial court did not allow defense counsel a seventh peremptory challenge, counsel did not object, but instead stated, "I thought we had seven."

Midway through the State's presentation of its case at trial, the trial judge informed the parties that upon reading Code of Criminal Procedure art. 799, he discovered that each party had been entitled to 12 peremptory challenges rather than six as the court had directed, as the charged offense was necessarily punishable by imprisonment at hard labor. Defense counsel requested a mistrial at that time. The trial court denied the motion for a mistrial, and later denied a motion for new trial, which was made based on the denial of a mistrial.

The court of appeal reversed the conviction in a divided decision. *State v. Santiago*, 2022-0607 (La. App. 4 Cir. 3/7/23), 359 So.3d 540 (Lobrano, J.,

---

[1] Code of Criminal Procedure art. 799 provides:

> In trials of offenses punishable by death or necessarily by imprisonment at hard labor, each defendant shall have twelve peremptory challenges, and the state twelve for each defendant. In all other cases, each defendant shall have six peremptory challenges, and the state six for each defendant.

The offense for which defendant was tried and convicted is punishable "with hard labor for not less than two years nor more than ten years without benefit of parole, probation, or suspension of sentence." La. R.S. 15:542.1.4 (A)(1).

dissenting). The majority of the panel correctly found that the trial court erred in denying defendant the full 12 peremptory challenges to which he was entitled by La. C.Cr.P. art. 799. The majority further found that defendant "tacitly objected" to the trial court's erroneous ruling by attempting to exercise a seventh peremptory challenge, and therefore the error was preserved for appellate review. After stating that the State failed to show the error was harmless, i.e. that the jury's verdict was unattributable to the error, the court of appeal reversed the conviction.[2]

Judge Lobrano dissented, correctly observing that "[t]he contemporaneous objection rule does not allow a 'tacit' or 'implicit' objection." Instead, Code of Criminal Procedure art. 841 provides that an irregularity or error cannot be raised on appeal unless an objection was made at the time of the occurrence, and further "that the party articulate the basis of the objection[,]" citing and quoting La. C.Cr.P. art. 841(A) ("It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.").

---

[2] As a preliminary matter, the court of appeal determined that it would treat defendant's appeal as timely because, although it was not filed within 30 days after the ruling on the motion to reconsider sentence, it was filed within the post-conviction limitations period, citing *State v. Counterman*, 475 So.2d 336 (La. 1985).

After finding that the claim was preserved for review and required reversal, the court of appeal also found merit to defendant's alternative claim that defense counsel rendered ineffective assistance by failing to object to the trial court's erroneous ruling. That determination was unnecessary given that the court of appeal had already found the error required reversing defendant's conviction.

While we reverse the court of appeal and reinstate defendant's conviction, we do not reach his claim of ineffective assistance of counsel. As a general rule, claims of ineffective assistance of counsel are more properly raised by application for post-conviction relief in the trial court where a full evidentiary hearing may be conducted if warranted. *See, e.g., State v. Hamilton*, 92-2639, p. 4 (La. 7/1/97), 699 So.2d 29, 31. We think it appropriate to relegate defendant's claim of ineffective assistance here to collateral review, where he will have the burden of showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *See Strickland v. Washington*, 466 U.S. 668, 694–95, 104 S.Ct. 2052, 2068–69, 80 L.Ed.2d 674 (1984) ("When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."); *cf. State v. Chandler*, 2022-0156, p. 5 (La. 5/5/23), 362 So.3d 347, 352 ("The seating of the juror alone does not establish prejudice under *Strickland*.").

Because counsel did not timely object to the restriction on peremptory challenges during voir dire, the dissent found the claim was not preserved for appellate review.

We agree with the dissent that Code of Criminal Procedure art. 841 does not leave room for "tacit" objections in the jurisprudence. This article provides in Part(A) (with emphasis added):

> An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. *It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.*

An objection that fails to make known to the court the action a party desires the court to take, *and the grounds therefor*, is not tacit. Rather, it is no objection at all. To the extent the court of appeal found otherwise, it relied on a legal fiction to construct something from nothing, in direct contradiction of the plain language of Art. 841.[3] *Cf. State v. Sagastume*, 2022-0184 (La. 12/8/23), 379 So.3d 1243.

Our law is settled that an objection need not be raised by incantation. "It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor." La. C.Cr.P. 841; *State v. Boutte*, 384 So.2d 773 (La. 1980). The requirement that an objection be raised contemporaneously is not meant to be inflexible but is designed "to promote judicial efficiency and to insure fair play." *State v. Lee*, 346 So.2d 682, 684 (La. 1977). This Court has further observed that:

---

[3] Statutory interpretation begins with "the language of the statute itself." *Cat's Meow v. City of New Orleans*, 1998-601, p. 15 (La. 10/20/98), 720 So.2d 1186, 1198; *see also Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) ("[C]anons of construction are no more than rules of thumb that help courts determine the meaning of legislation, and in interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.... When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.") (citations and internal quotation marks omitted).

> There are two purposes to this rule: to put the trial court on notice of the alleged irregularity or error, so that the trial judge can cure the error, and to prevent a party from gambling for a favorable outcome and then appealing on errors that could have been addressed by an objection if the outcome is not as hoped.

*State v. Lanclos*, 2007-0082, p. 6 (La. 4/8/08), 980 So.2d 643, 648.

Even accepting for the sake of argument that counsel made known to the trial court the action counsel wished to take by attempting to exercise a seventh peremptory challenge, counsel did not state the grounds for any objection. Thus, the trial court was not put on notice of the error during voir dire and given an opportunity to cure it. Because counsel did not object to the trial court's erroneous ruling at the time of its occurrence, the error cannot be availed of after verdict in accordance with La. C.Cr.P. art. 841.

While it is settled that an objection need not be raised by incantation, Article 841 requires that a defendant make a contemporaneous objection to a ruling, and the article further provides: "The nature of the objection and grounds therefor shall be stated at the time of objection." That did not happen here. Instead, the record shows that defendant did not object during voir dire when he was denied the full twelve peremptory challenges to which he was entitled, and he later assigned that as error on appeal. Therefore, the court of appeal erred in reviewing that assignment of error and in finding that a "tacit objection" sufficed to preserve the issue for appellate review. Accordingly, we reverse the ruling of the court of appeal. We reinstate defendant's conviction and sentence, which we hereby affirm.

**REVERSED AND REINSTATED**

# SUPREME COURT OF LOUISIANA

## No. 2023-K-00501

## STATE OF LOUISIANA

## VS.

## MARVIN SANTIAGO

*On Writ of Certiorari to the Court of Appeal, Fourth Circuit,*
*Parish of St. Bernard*

**WEIMER, C.J.**, dissenting.

As a general rule, multiple harmless errors do not result in a reversal. **State v. Brown**, 18-1999, p. 117 (La. 9/30/21), 330 So.3d 199, 284; **State v. Holliday**, 17-1921, p. 87 (La. 1/29/20), 340 So.3d 648, 714; see also **Mullen v. Blackburn**, 808 F.2d 1143, 1147 (5th Cir. 1987). However, in this matter, the State, the defense, and the district court all erred by applying the wrong number of peremptory challenges available. See La. C.Cr.P. art. 799 ("In trials of offenses punishable by death or necessarily by imprisonment at hard labor, each defendant shall have twelve peremptory challenges, and the state twelve for each defendant.") During jury selection, after the defense exercised the sixth peremptory challenge, the district judge stated that this defendant was limited to six peremptory challenges. When the defense then attempted to exercise a seventh peremptory challenge, the district court denied that challenge by declaring that the defendant had already exhausted his peremptory challenges. "[A]n erroneous ruling depriving an accused of a peremptory challenge violates his substantial rights and constitutes reversible error." **Holliday**, 17-1921 at 28, 340 So.3d at 677 (citing **State v. Cross**, 93-1189, p. 7 (La. 6/30/95), 658 So.2d 683, 686). During side bar conference, midway through the State's presentation of its case, the district court recognized its improper limitation on the

number of peremptory challenges available to the defendant. Without pause, the defense requested a mistrial on that issue. "A mistrial may be ordered, and in a jury case the jury dismissed, when . . . [t]here is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law." La. C.Cr.P. art. 775(3). It is my belief that under the totality of the circumstances, the defense objected in a manner that was adequate to put the district court on notice of the issue. As the majority opinion states, "it is settled that an objection need not be raised by incantation." **State v. Santiago**, 23-0501 (La. __/__/24), slip op. at 5. I agree with the majority that the use by the court of appeal of the term "tacit objection" is not legally supported.

Where otherwise non-reversible errors aggregate in such a way as to result in a denial of the right to a fair trial, cumulative error doctrine justifies reversal. See **United States v. Lara**, 23 F.4th 459, 484 (5th Cir. 2022) ("The cumulative error doctrine provides that an aggregation of non-reversible errors (*i.e.*, plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal.") (internal citation omitted). The doctrine is applied only in rare instances, in cases in which the errors so fatally infected the trial that they violated the trial's fundamental fairness. *Id.* The doctrine justifies reversal only in the unusual case in which synergistic or repetitive error violates the defendant's constitutional right to a fair trial. *Id.* In this particular case, there were too many errors by too many participants, including the district court, to have confidence in the outcome when the district court limited the number of peremptory challenges to six on a twelve-person jury. I would reverse the conviction and remand to the district court for a new trial.

2

# SUPREME COURT OF LOUISIANA

## No. 2023-K-00501

## STATE OF LOUISIANA

## VS.

## MARVIN SANTIAGO

On Writ of Certiorari to the Court of Appeal, Fourth Circuit, Parish of St. Bernard

**Crichton, J., additionally concurs and assigns reasons.**

I write separately to emphasize the critical importance of the contemporaneous objection rule, La.C.Cr.P. art. 841(A). Lawyers must be competent in the law, including its procedural rules. La. Rules of Prof. Conduct, R. 1.1(a) ("Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."). It is the role of attorneys to challenge rule violations that occur in a courtroom—objecting and articulating their reasons is not a burden, it is simply their job.

As explained in the per curiam opinion, requiring contemporaneous objections promotes judicial efficiency by "put[ting] the trial judge on notice of the alleged irregularity so that he may cure the problem" at the time it occurs. *State v. Thomas*, 427 So.2d 428, 433 (La. 1982). Barring appellate review of an irregularity or error that was *not* objected to at the time of the occurrence "prevent[s] a defendant from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by objection." *Id.*

In this case, when the trial court erroneously violated defendant's statutory right to twelve peremptory challenges, his attorney did not object and only challenged the decision after it was too late for the trial judge to cure the error. Accordingly, as I have ruled previously, that issue was not preserved for appellate review and should be deemed waived. *See* La. C.Cr.P. art. 841(A), *see also, State v.*

*Johnson*, 2021-01850, p. 2, n. 1, (La. 2/22/22), 333 So.3d 441, 442 (Crichton, J., concurring) (citing *State v. Ruiz*, 06-1755, p. 8 (La. 4/11/07), 955 So.2d 81, 87, where this Court held Louisiana's contemporaneous objection rule provides "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence" and failure to do so constitutes waiver.). Thus, the court of appeal erred in considering the waived issue.

The court of appeal likewise erred in considering defendant's claim of ineffective assistance of counsel on direct review. This Court has long held that such claims are best reserved for collateral review, *see e.g., State v. Deloch*, 380 So.2d 67 (La. 1980), and for good reason. Unlike on direct appeal, in post-conviction proceedings, the trial court may conduct an evidentiary hearing. New evidence relating to counsel competency that is not contained in the appellate record may be admitted into evidence for full consideration. While there are occasional exceptions to this rule, *see e.g., State v. Ratcliff*, 416 So.2d 528, 530 (La. 1982), this is not one of those rare cases. Accordingly, I agree with the per curiam opinion reversing the ruling of the court of appeal that found merit in defendant's claim of ineffective assistance of counsel.[1]

---

[1] The dissent envisions relief for defendant under the cumulative error doctrine which provides that in rare cases an aggregation of non-reversible errors can yield a denial of the constitutional right to a fair trial. *United States v. Delgado*, 672 F.3d 320, 343–44 (5th Cir.2012) (en banc). I begin by pointing out that this case does not involve multiple errors to aggregate. There was only one error alleged: the denial of the correct number of peremptory challenges. Furthermore, the per curiam opinion does not conclude the error was harmless, only that it was not preserved for review. For these reasons, the cumulative error theory of relief advanced by the dissent does not apply to this case. Moreover, even if this case *did* involve multiple, harmless errors, this Court has never endorsed cumulative error arguments. Instead, this Court has universally found that harmless errors, however numerous, do not aggregate to reach the level of reversible error. *State v. Sheppard*, 350 So.2d 615, 651 (La. 1977) ("We are unwilling to say that the cumulative effect of assignments of error lacking in merit warrants reversal of a conviction."); *see also, e.g., State v. Strickland*, 94-0025, pp. 51–52 (La. 11/1/96), 683 So.2d 218, 239; *State v. Tart*, 93-0772, p. 55 (La. 2/9/96), 672 So.2d 116, 154; *State v. Copeland*, 530 So.2d 526, 544–45 (La. 1988) (citing *State v. Graham*, 422 So.2d 123, 137 (La. 1982)). Other courts treating the issue in greater depth have reached the same conclusion. *Mullen v. Blackburn*, 808 F.2d 1143, 1147 (5th Cir. 1987) (rejecting cumulative error claim and finding that "twenty times zero equals zero"). Accordingly, consistent with this Court's long-held disapproval of this theory of relief, I too reject it.

2